**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEARICK FARR, #K-69866,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00392-SMY** |
| | ) | |
| **DR. CALDWELL and WEXFORD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dearick Farr, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Doctor Caldwell (prison physician) and Wexford (prison healthcare provider).  In his Complaint, Plaintiff alleges that these defendants discontinued his pain medication on September 15, 2015 (Doc. 1, p. 5).  This decision allegedly violated Plaintiff's constitutional rights (*id*.).  He now seeks monetary damages and medical care (*id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

This case is before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's Complaint does not survive preliminary review under this standard and shall be dismissed.

To begin with, the Complaint does not satisfy basic pleading requirements.  This Court's standard civil rights complaint form instructs Plaintiff to state "as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated" (Doc. 1, p. 5). Plaintiff used this form when preparing his Complaint.  He included the following statement of claim directly below these instructions: "For month I was not recieving [sic] pain medication from healthcare the doctor said no more. Caldwell So I did recieved [sic] adequate medical treatment pain and suffering which is depriving me of my constitutional right those people play game a lot. which would be Wexford Health Source" (*id*).  Plaintiff provided no other allegations in support of his claims against each defendant.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1). However, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's claim regarding the denial of pain medication (**Count 1**) arises under the Eighth Amendment, which protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the: (1) medical condition was objectively serious; and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A medical need is considered objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference is shown when a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Berry*, 604 F.3d at 440. Negligence does not support a deliberate indifference claim. *Id.*

The Complaint does not satisfy the objective component of this claim. The allegations do not suggest that Plaintiff was suffering from a serious medical need in September 2015. In fact, Plaintiff failed to explain why he was even taking pain medication. In his Complaint, Plaintiff made no reference to an illness, injury, or other medical condition that necessitated treatment with pain medication. He also failed to disclose the type of medication he was denied, the dosage, or the symptoms he suffered when it was discontinued. Without this basic information, the Court cannot evaluate the objective seriousness of Plaintiff's medical need.

The Complaint also does not satisfy the subjective component of this claim. The allegations do not suggest that either defendant responded to Plaintiff's serious medical need with deliberate indifference.  Plaintiff merely alleges that Doctor Caldwell made the decision to discontinue his pain medication, and Wexford "play[s] game[s] a lot" (Doc. 1, p. 5). Plaintiff does not indicate that either defendant knew that he still required the pain medication or was aware that discontinuing it would harm him.  Plaintiff does not allege that he complained of ongoing pain or submitted a request for additional medication to either defendant.  The factual allegations in the Complaint are so sketchy that they fail to provide sufficient notice of Plaintiff's claims to the Court or the parties.  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  As such, the allegations (Count 1) fail to state a claim upon which relief may be granted.

Count 1 cannot proceed against either defendant.  No other claim is alleged. Accordingly, the Complaint shall be dismissed.  However, the dismissal is without prejudice, and Plaintiff will be given an opportunity to file a First Amended Complaint that focuses on his Eighth Amendment medical needs claim, and all other related claims, against Doctor Caldwell and Wexford.  If he chooses to file a First Amended Complaint, Plaintiff must follow the Court's deadline and instructions for doing so in the below disposition, or this case will be dismissed with prejudice.

**Pending Motion**

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4), which shall be addressed in separate court order.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **CALDWELL** and **WEXFORD** are also **DISMISSED** without prejudice from this action.

Plaintiff is **GRANTED** leave to file a First Amended Complaint, which focuses on an Eighth Amendment deliberate indifference to medical needs claim, and any other related claims, against Defendants Caldwell and Wexford, **on or before June 17, 2016.** Should Plaintiff fail to file the First Amended Complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the standard civil rights complaint form designed for use in this District. Plaintiff must label the form "First Amended Complaint" and list *this* case number on the front of the form, *i.e.*, Case No. 16-cv-00392-SMY. The First Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned,

and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original, rendering the original Complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE

**United States District Judge**